IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK McCANN,

                Plaintiff,

  v.

SHELIA STUBBS,

                Defendant.

OPINION and ORDER

23-cv-252-jdp

---

      Derrick McCann, appearing pro se, alleges that Wisconsin state representative Shelia Stubbs made false accusations in obtaining a restraining order against him and defamed him. The court has allowed McCann to proceed without prepayment of any portion of the filing fee.

      The next step is for me to screen McCann's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

      There are several problems with McCann's complaint. It is unclear whether he is alleging that defendant Stubbs was acting "under color of law" when she sought a restraining order against him or that she was acting as a private citizen. And without a federal law claim, McCann cannot bring a state-law defamation claim against Stubbs in this court. This court may hear state-law cases under its diversity jurisdiction, which requires (1) diversity of citizenship between plaintiffs and defendants; and (2) an amount in controversy more than $75,000. But McCann asserts that both he and Stubbs are Wisconsin citizens, and he fails to provide an

amount in controversy. McCann also asks that Stubbs be arrested for perjury, but this court cannot initiate criminal proceedings or direct any state or federal official to initiate criminal proceedings.

But the biggest problem for McCann at present is that he asks this federal court to rule on the same issues that are currently being litigated in the state court system. My review of electronic state-court records shows that the Dane County Circuit Court issued a restraining order against McCann in *Stubbs v. McCann*, No. 2023CV000862, and McCann is currently appealing that decision.[1] Because that case is still being appealed, McCann is not fully barred from bringing his claims in this federal court. *Parker v. Lyons*, 757 F.3d 701, 705 (7th Cir. 2014), *overruled on other grounds by Hadzi-Tanovic v. Johnson*, 62 F.4th 394 (7th Cir. 2023). Nonetheless, principles of comity and federalism often preclude federal courts from hearing cases that interfere with ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971). Most commonly this doctrine is applied to federal lawsuits intertwined with state-law criminal cases, but courts have also applied it to cases like this involving state-court civil injunctions. *See U.S. ex rel. Verdone v. State of Wis.*, 61 F.3d 906, 1995 WL 94914, at *4 (7th Cir. 1995) (unpublished case) ("because a civil protection order is quasi-criminal in nature, [it makes] the policy of *Younger* directly apt." (internal quotation omitted)); *Simonson v. Twing*, No. 18-cv-793-wmc, slip op. at 4–5 (W.D. Wis. Oct. 11, 2019) (court abstained from hearing claim intertwined with appeal of state-court injunction).

The question whether Stubbs made false accusations against McCann is better first addressed directly in the state court proceedings. I will stay this case and direct the clerk of

---

[1] *See* http://wcca.wicourts.gov.

court to close it. That means that McCann may move to reopen this case after the conclusion of his state proceedings, including all appeals.

ORDER

IT IS ORDERED that the court will abstain from exercising jurisdiction, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff's state-court proceedings. This case is STAYED. The clerk of court is directed to close the case.

Entered April 25, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3